UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA BAKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>　　　　　Defendant. | **NOTICE OF REMOVAL**<br><br>Removed from the Court of Common Pleas, Luzerne County, Pennsylvania<br>Docket No. 20180607<br><br>CIVIL ACTION NO. |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1. Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the Defendant, Navient Solutions, LLC ("NSL"), hereby removes to this Court the above-captioned action from the Pennsylvania Court of Common Pleas for Luzerne County. In support of this Notice of Removal, NSL states the following:

I. STATEMENT OF THE CASE

2. On or about January 18, 2018, Plaintiff Samantha Baker ("Plaintiff") filed a civil complaint against NSL in the Pennsylvania Court of Common Pleas for Luzerne County, styled *Samantha Baker v. Navient Solutions, LLC*, under Docket Number 20180607. A true and accurate copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

3. Plaintiff asserts a cause of action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*

II. BASES FOR REMOVAL

A. **Federal Question Jurisdiction**

4. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

This Court has jurisdiction under 28 U.S.C. §1331 because Plaintiff's claim arises under the laws of the United States.

5. The general rule is a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

6. Plaintiff's Complaint arises exclusively under federal law—namely, the TCPA. *See* Exhibit 1. Plaintiff specifically states "this is an action for damages brought by an individual consumer for [NSL]'s violations of the Telephone Consumer Protection Act." *See* Exhibit 1, ¶ 2. Adjudicating Plaintiff's Complaint thus requires construing the TCPA to determine if Plaintiff is entitled to damages as alleged.

7. The Supreme Court has held that private claims brought by consumers under the TCPA confer federal question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012).

8. Accordingly, this Court has federal question jurisdiction over Plaintiff's Complaint.

**B.     Diversity Jurisdiction**

9. United States district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between citizens of different States. 28 U.S.C. § 1332.

10. First, the amount in controversy exceeds $75,000.00. In her Complaint, Plaintiff claims she is entitled to statutory damages in the sum of $500-$1,500 per telephone call allegedly placed to her cellular telephone by NSL, in violation of the TCPA. *See* Exhibit 1, ¶ 26. Plaintiff

#1943990v1 0000-57

301097982v1 1005951

also alleges that "approximately" 259 such calls were placed. *See id.*, ¶ 9. Accordingly, Plaintiff seeks a minimum of $129,500 in statutory damages.

11.  Second, there is complete diversity of citizenship in this action under 28 U.S.C. §1332(a). According to her Complaint, Plaintiff is an individual residing in the Commonwealth of Pennsylvania. *See* Exhibit 1, ¶ 5. Plaintiff is, therefore, a citizen of Pennsylvania.

12.  NSL is a limited liability company organized under the laws of the state of Delaware with a principal place of business in Reston, Virginia. The citizenship of a limited liability company is determined by the citizenship of all its members. *See, e.g., Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3rd Cir. 2010). NSL's sole member is Navient Corporation, which itself is incorporated in and has a principal place of business in the state of Delaware. Accordingly, NSL is a citizen of Delaware for the purposes of determining diversity jurisdiction.

13.  Therefore, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and the dispute is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

### III.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

14.  28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading ...." 28 U.S.C. § 1446(b).

15.  This action was commenced in the Pennsylvania Court of Common Pleas for Luzerne County, on January 18, 2018. NSL was served on January 22, 2018.[1] A copy of the Notice of Service of Process from NSL's registered agent is attached hereto as **Exhibit 2**.

---

[1] NSL does not waive their right to contest whether service of process was appropriately made.

Removal of this action is timely as this notice is being filed within thirty days of NSL being purportedly served with the Complaint.

16. Additionally, venue properly lies in the Middle District of Pennsylvania because Plaintiff alleges that NSL has offices in Luzerne County, Pennsylvania, and regularly conducts business there. Plaintiff also commenced this action in Luzerne County, Pennsylvania.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff following the filing of this Notice of Removal, and will be promptly filed with the Luzerne County Clerk of Courts.

18. In submitting this Notice of Removal, NSL reserves all defenses.

## IV. CONCLUSION

**WHEREFORE**, the Defendant, Navient Solutions, LLC, hereby removes this action from the Pennsylvania Court of Common Pleas for Luzerne County, to the United States District Court for the Middle District of Pennsylvania.

#1943990v1 0000-57

301097982v1 1005951

Respectfully submitted,

By: _____
David M. Burkholder, PA Bar No. 89162
POWELL TRACHTMAN, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Phone: 610-354-9700 / Fax: 354-9765
e-mail: dburkholder@powelltrachtman.com

Dennis N. Lueck, PA Bar No. 204418 (General admission pending)
Jordan S. O'Donnell (Special admission pending)
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: 212-471-6200 / Fax: 212-935-1166
e-mail: dlueck@hinshawlaw.com
          jodonnell@hinshawlaw.com

Dated: February 21, 2018

#1943990v1 0000-57    301097982v1 1005951