# EXHIBIT "1"

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
Luzerne County

**For Prothonotary Use Only:**

Docket No: 20180607

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: | |
|---|---|
| ☒ Complaint ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Samantha Baker | Navient Solutions, LLC |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: **Brett Freeman**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Telephone Consumer Protection Act

*Updated 1/1/2011*

FILED PROTHONOTARY LUZERNE COUNTY   01/18/2018   11:42:38 AM   Docket # 201800607

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

Rule 205.5.   Cover Sheet

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)    actions for support, Rules 1910.1 et seq.

    (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| SAMANTHA BAKER, an individual, ) | IN THE LUZERNE COUNTY |
| ) | COURT OF COMMMON PLEAS |
| Plaintiff, ) | |
| ) | Docket No. 201800607 |
| vs. ) | |
| ) | |
| NAVIENT SOLUTIONS, LLC ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

1. Plaintiff, Samantha Baker ("Plaintiff"), alleges the following against NAVIENT SOLUTIONS LLC (hereinafter referred to as ("Defendant"):

### I. INTRODUCTION

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227, *et seq*. Using equipment regulated by the TCPA, Defendant made multiple calls to Plaintiff at a telephone number assigned to a cellular telephone service.

### II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. § 227, which permits an action for violation of the Act to be brought in an appropriate state court.

4. Venue lies in this district is proper, as Defendant resides here and transacts business here.

### III. PARTIES

5.  Plaintiff is an adult individual residing in this Commonwealth.

6.  Defendant is a corporation with offices located in Luzerne County, Pennsylvania, and Defendant regularly conducts business in this county.

### IV. FACTUAL ALLEGATIONS

7.  At all times pertinent hereto, Defendant made use of automatic dialing systems to contact Plaintiff on her personal cellular telephone, 717-435-0130.

8.  Beginning in or around July 17, 2017, Defendant began contacting Plaintiff on her cellular phone. Defendant's calls were made from at least 16 different dialer numbers, including: 570-904-8796, 512-351-4907, 386-269-0326, 615-432-4229, 513-914-4612, 716-707-3278, 856-242-3502, 607-271-6188, 856-242-2503, 517-762-5956, 202-899-1317, 765-637-0795, 765-637-0784, 317-550-5575, 302-261-5502, and 512-354-2004.

9.  Defendant contacted Plaintiff on her cellular phone many times, including approximately 259 calls between July 17, 2017 and October 31, 2017.

10. Defendant continued to call Plaintiff on Plaintiff's cellular phone after Plaintiff requested that Defendant stop calling.

11. Defendant knew or should have known that its actions violated the TCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

12. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

13. At all times pertinent hereto, the conduct of Defendant as well as of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

14. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

15. Due to a health situation involving her daughter, Plaintiff kept her phone's volume on throughout the day.

16. When Plaintiff received a call from Defendant, she was afraid that the call was about her daughter's health.

17. Defendant's phone calls harmed Plaintiffs by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

18. Defendant's phone calls harmed Plaintiffs by trespassing upon and interfering with Plaintiffs' rights and interests in Plaintiffs' cellular telephone and Plaintiffs' cellular telephone line.

19. Defendant's phone calls harmed Plaintiffs by intruding upon Plaintiffs' seclusion.

## VIOLATIONS OF THE TCPA FOR
## CALLS MADE TO A CELLULAR TELEPHONE

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

22.     Between July 17, 2017 and October 31, 2017, Defendant initiated at least 250 calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA.

23.     On July 17, 2017 and August 31, 2017, Plaintiff requested that Defendant stop calling her.

24.     Nevertheless, Defendant continued to call Plaintiff's cellular phone hundreds of times.

25.     The acts and/or omissions of Defendant were done willfully and knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

26.     As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's $500-$1,500 in statutory damages for each illegal phone call that Defendant placed to her cellular telephone.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

27. Plaintiff demands a trial by jury.

Respectfully Submitted,

*Brett*

Brett Freeman (PA308834)
Carlo Sabatini (PA83831)
Attorneys for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

5

### Verification of Complaint and Certification by Plaintiff

Plaintiff, Samantha Baker, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2018  _____
Samantha Baker, Plaintiff

6